IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

CORBYN D. DAVIS,

    Petitioner,

v.                                                                         Case No. 1:23-cv-01142-JDB-jay

WARDEN GRADY PERRY,

    Respondent.

---

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,
DISMISSING § 2254 PETITION WITH PREJUDICE,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

---

*INTRODUCTION*

Before the Court is the pro se motion of the Petitioner, Corbyn D. Davis, Tennessee Department of Correction prisoner number 459347, an inmate incarcerated at the South Central Correctional Facility in Clifton, Tennessee, for relief under 28 U.S.C. § 2254 (the "Petition"). (Docket Entry ("D.E.") 1.) The Respondent, Warden Grady Perry, has moved to dismiss the Petition (D.E. 17), in response to which Davis filed a "Motion to be Heard" (D.E. 18)[1].

*BACKGROUND*

On September 28, 2016, a jury convicted Davis[2] of first-degree murder in violation of Tennessee Code Annotated § 39-13-302 and of possession of a firearm by a convicted felon in

---

[1] As D.E. 18 is actually a responsive brief rather than a motion, the Clerk is DIRECTED to remove the gavel from the docket sheet.

[2] In discussing the underlying criminal case, Davis will be referred to as the "Defendant."

contravention of Tennessee Code Annotated § 39-17-1307(b)(1)(B). (D.E. 16-1.) He was sentenced to life imprisonment on the murder conviction and four years for the firearm offense, to be served consecutively, resulting in a total effective sentence of life plus four years. (*See id.*) The Tennessee Court of Criminal Appeals ("TCCA") affirmed the judgments of conviction. *State v. Davis*, No. W2017-00141-CCA-R3-CD, 2018 WL 576659, at *8 (Tenn. Crim. App. Jan. 26, 2018). The Tennessee Supreme Court denied Defendant's application for discretionary review. (D.E. 16-5.) He did not file a petition for a writ of certiorari with the United States Supreme Court.

Davis filed a pro se state petition for post-conviction relief on February 14, 2019.[3] (D.E. 16-6.) The state post-conviction trial court held an evidentiary hearing and denied relief in a written order. (*Id.*) Defendant appealed the denial of post-conviction relief to the TCCA, which affirmed the denial of habeas relief. *Davis v. State*, No. W2019-01886-CCA-R3-PC, 2020 WL 5033438, at *5 (Tenn. Crim. App. Aug. 25, 2020). The Tennessee Supreme Court denied his application for discretionary review on December 4, 2020. (D.E. 16-10.)

---

[3] Defendant's state petition was signed and notarized on January 20, 2019. (D.E. 16-6 at PageID 205-06.) Tennessee Supreme Court Rule 28, § 2(G) codifies the prison mailbox rule in post-conviction cases and provides in relevant part:

> If papers required or permitted to be filed by these rules are prepared by or on behalf of a pro se petitioner incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing.

Defendant's pro se state petition for post-conviction relief was filed within "the time fixed for filing," or one year after the Tennessee Supreme Court denied discretionary review. *See* Tenn. Code Ann. § 40-30-102(a). Thus, Rule 28, § 2(G) does not apply, and the date of filing is the date that the Madison County Circuit Court Clerk received the petition—February 14, 2019. (D.E. 16-6 at PageID 192.)

2

The Petition was filed on July 11, 2023.[4] (D.E. 1 at PageID 15.) Petitioner challenges the sufficiency of the evidence and raises claims of ineffective assistance of counsel. The Court issued an order directing Perry to file the state court record and a limited response addressing the timeliness of the Petition. (D.E. 9.) Respondent filed the state court record (D.E. 16) along with his motion to dismiss.

*ANALYSIS*

Perry maintains that the Court need not address the merits of Petitioner's habeas claims because the Petition is untimely. In response, Davis insists that he is entitled to equitable tolling of the limitations period. A § 2254 petition is subject to a one-year limitations period, commencing from four possible dates:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).[5]

---

[4] This is the date Davis signed the Petition and certified that it was placed into the prison mail system. (*See* D.E. 1 at PageID 15 (the inmate's signature page to the Petition, dated July 11, 2023)). Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule to civil actions by pro se prisoners in *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam), a prisoner's legal mail is considered "filed" when he deposits it in the prison mail system to be forwarded to the Clerk via first-class, postage-prepaid mail.

[5] Under § 2244(d)(1), the limitations period begins to run from the latest of the four specified circumstances. In this case, however, there is no reason to conclude that the limitations

Davis's direct appeal concluded on May 18, 2018, when the Tennessee Supreme Court denied his application for discretionary review. (*See* D.E. 16-5.) The limitations period was then tolled ninety days—until August 16, 2018—during which time he could have, but did not, file a petition for a writ of certiorari with the United States Supreme Court. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (stating that "under § 2244(d)(1)(A), the one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired"); *see also Lawrence v. Florida*, 549 U.S. 327, 333 (2007) (acknowledging that direct review under § 2244(d)(1)(A) "encompass[es] review of a state conviction by [the Supreme] Court").

The statute of limitations began to run on August 17, 2018. *See* Fed. R. Civ. P. 6(a)(1)(A) (providing that "[w]hen the period is stated in days or a longer unit of time[,] exclude the day of the event that triggers the period"). Davis filed his pro se state petition for post-conviction relief on February 14, 2019. (D.E. 16-6 at PageID 192.) By that time, 181 days of the one-year limitations period had elapsed. The filing of his state post-conviction application paused the limitations period. *See* § 2244(d)(2).

The state post-conviction proceedings concluded on December 4, 2020, when the Tennessee Supreme Court denied discretionary review. (D.E. 16-10.) The limitations period resumed on December 5, and expired 184 days later on June 6, 2021. Because the last day of the limitations period fell on a Sunday, it continued "to run until the end of the next day that [was] not a . . . Sunday . . .," resulting in a deadline of Monday, June 7, 2021. Fed. R. Civ. P. 6(a)(1)(C).

---

period for the issues raised by Petitioner commenced at any time later than the date on which his conviction became final.

Davis declared that he placed the Petition in the prison mail system on July 11, 2023, over two years after the limitation's period had expired.[6]  (*See* D.E. 1 at PageID 15.)

The one-year limitations period is subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010).  A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id*. at 649 (internal quotation marks omitted).  The doctrine of equitable tolling should only be applied "sparingly."  *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).  The petitioner carries the burden of showing that he is entitled to its application.  *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

Petitioner contends that the Court "should apply equitable tolling" of the one-year limitations period because "restrictions and institutional shutdowns" during the COVID-19 pandemic "made it impossible to access/utilize the prison's library."  (D.E. 1 at PageID 13.)  In his response to the motion to dismiss, he states that he was housed at "various penal institutions . . . during COVID-19 quarantine" and claims that "[t]here was minimum movement" within those facilities, which impacted his ability to "handle [his] petition."  (D.E. 18 at PageID 283.)

"There is some authority from district courts within [the Sixth Circuit] indicating that the COVID-19 pandemic could amount to an extraordinary circumstance warranting tolling."  *Pryor*

---

[6]On October 18, 2024, Petitioner filed an appeal from the state post-conviction trial court's denial of his petition for DNA analysis. (D.E. 16-11.)  He filed his petition in the state post-conviction trial court on July 24, 2024, and it was denied on September 18, 2024. (*Id*.)  His appeal, which has since been dismissed for failure to file a brief with the TCCA, has no impact on the statute of limitations in the federal habeas proceeding because the limitations period had already expired prior to the inmate's filing of his appeal and prior to his filing of a petition for DNA analysis.  *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (explaining that "[o]nce the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations").

*v. Erdos*, No. 21-3908, 2022 WL 1021911, at *2 (6th Cir. Mar. 31, 2022). A petitioner seeking equitable tolling on this basis "must still demonstrate fact-specific circumstances related to the pandemic that hindered his ability to timely file a habeas petition." *Pryor v. Erdos*, Case No. 5:20cv2863, 2021 WL 4245038, at *9 (N.D. Ohio Sept. 17, 2021).

The inmate here has failed to adequately explain how the COVID-19 pandemic prevented him from timely filing the Petition. He does not allege any specific dates when the prison law library was closed or when his facility was on lockdown due to COVID-19 restrictions. He also fails to mention any actions he undertook or attempted to undertake to file the Petition during the limitations period or during the two years that followed. Rather, he offers only the general allegation that "restrictions and institutional shutdowns" during the pandemic restricted his access to the prison law library. (D.E. 1 at PageID 13.) "[G]eneral allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition." *Andrews v. United States*, No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017). Davis has failed to show that equitable tolling of the limitations period is warranted in this case.[7]

## *CONCLUSION*

Accordingly, Respondent's motion is GRANTED and the Petition is DISMISSED with prejudice as time-barred. The Clerk is DIRECTED to enter judgment for Respondent.

---

[7]The prisoner does not argue that he is actually innocent of his state court convictions. Thus, he is not entitled to equitable tolling of the limitations period based on actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (holding that § 2244(d)(1)'s limitations period may be "overcome" through a "gateway" claim of actual innocence).

*APPELLATE ISSUES*

No § 2254 petitioner may appeal without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *see also Dennis v. Burgess*, 131 F.4th 537, 539 (6th Cir. 2025). A petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). If the district court denies relief on a procedural ground without reaching the underlying constitutional claim, a COA should issue when the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason would not debate the undersigned's resolution of Petitioner's claims, the Court DENIES a COA.

A party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). If the district court certifies that an appeal would not be taken in good faith or otherwise denies leave to appeal in forma pauperis ("IFP"), the prisoner must file his motion to proceed IFP in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5). For the same reasons it denies a COA, the Court CERTIFIES that any appeal would not be taken in good faith. Leave to appeal IFP is DENIED.[8]

---

[8] If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed IFP and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).

IT IS SO ORDERED this 9th day of June 2025.

             s/ J. DANIEL BREEN
             UNITED STATES DISTRICT JUDGE